## HARRIS *v*. TERHUNE.

### Opinion delivered May 9, 1921.

1. LOGS AND LOGGING—TIME FOR REMOVAL OF TIMBER.—A contract for the sale of timber which required the buyer to remove it within a specified time and to cut the timber clean, obligated the buyer actually to remove the timber from the land within the time stated, and not merely to sever it from the soil for subsequent removal, and the buyer was liable in damages for removing timber after that time.

2. LOGS AND LOGGING—BREACH OF CONTRACT—DAMAGES.—The measure of damages for breach of a contract to leave the stumps not to exceed a stated height from the ground is the reasonable cost of cutting the stumps down to the required height, and not the difference between the value of the land with the stumps as they were left and its value after they were cut off to the contract height.

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; affirmed.

*Lake & Lake* and *E. K. Edwards,* for appellant.

1. Under the terms of the contract, appellant had the right to remove, within a reasonable time, the timber sev-

ered from the soil. 89 Ark. 361; 91 *Id.* 291. The word *removal* in a timber contract means a *severance from the soil.* Cases *supra.* Construing the contract in the light of these decisions, it is evident that the intention of the parties that appellant should become the owner of all timber severed from the soil by January 1, 1920, and have a reasonable time thereafter to haul away any logs then remaining on the land, and the court erred in giving for appellee instructions 1 and 2 and in refusing Nos. 1, 2 and 3, asked by appellant.

2. On the issue of the amount of damages sustained because some of the stumps were left higher than fifteen inches, the court overlooked the fact that the stumps, being small pine stumps, would rot and be entirely gone in a few years, and the appellee's damages were on that account only *temporary,* and it was error to give the instructions requested by appellee and refuse appellant's request. Appellee made no attempt to prove the *actual loss* or damages, and only nominal damages should have been allowed for any breach of the contract. 106 Ark. 274.

3. The demurrer to paragraph 7 of the complaint should have been sustained. 91 Ark. 292; 89 *Id.* 361.

*Reynolds & Steel,* for appellee.

This suit is nothing more than one to construe a contract and hinges upon the legal meaning of the word "removed" as used therein. It is the duty of the court unless it is ambiguous. Here it is plain and not ambiguous, and it was the duty of the court to so construe it as to carry out the intention of the parties. Lawson on Contracts, pp. 387-8-9; Bishop on Contracts, p. 384; 53 Ark. 58; 23 *Id.* 582; 3 *Id.* 258. *"Removal"* signifies an actual or physical change in the position or locality—to move away from the position occupied. See Words and Phrases, citing 120 Fed. 182; 86 Ky. 186; 5 S. W. 567; Funk & Wagnalls' Dict., "Remove." See, also, 87 S. W. 1119. A sale of timber on a tract of land to be removed within a given time is only a sale of so much timber as

is *removed* within that time. 86 S. W. 1122; 26 Mich. 523; 96 *Id.* 83; 25 Cyc. 1551; 46 Am. Rep. 32; 28 A. & Eng. Enc. 541; 107 S. W. 733, and many others. Appellant had a reasonable time within which to remove the timber after the expiration of the specified time. 167 S. W. 1116. A severance from the soil is not a removal from the premises. 114 Tenn. 196; 87 S. W. 415; 59 Ore. 149; 100 Miss. 177; 56 So. Rep. 329; 160 N. C. 281; 75 S. E. 714.

The judgment is not excessive, and there is no error.

McCULLOCH, C. J. Appellee, who was the plaintiff below, owns a small tract of land in Sevier County, and on October 5, 1918, he sold and conveyed to appellant the pine timber on said tract of land and executed to appellant a contract or conveyance, in writing, which, after reciting the consideration and describing the tract of land and timber thereon, contained the following clause:

"The said second parties shall have till January 1, 1920, to remove said timber. And said second parties agree to commence cutting the timber at the north end of said land and to remove all of their said timber clean as they go. And the said second parties further agree to cut the timber as close to the ground as practicable and in no case to exceed fifteen inches above the level of the ground."

A part of the timber on the land was cut down by appellant and removed from the land before the date specified in the contract, January 1, 1920; and a considerable portion of the timber was felled and cut into saw logs immediately before the expiration of the time mentioned, but was not removed from the land until a short time after the expiration date. In cutting the timber the stumps on the land were left higher than fifteen inches above the level of the ground.

This action is to recover damages on account of the removal of the down timber after the expiration of the date mentioned in the contract, and for failure to cut the stumps to a height of not exceeding fifteen inches above the level of the ground. On the trial of the cause

the jury found in favor of appellee, assessing the damages at the sum of $96, the value of 24,000 feet of logs at $4 per thousand, and the sum of $46.35, the cost of cutting 309 stumps at 15 cents each. The verdict is supported by legally sufficient evidence, and the judgment must be affirmed if the issues as to the right of appellant to remove the timber after the expiration of the date mentioned in the contract and the measure of damages for failure to cut the stumps in accordance with the contract were properly submitted to the jury.

The contention of appellant is that under the terms of the contract he had the right to remove, within a reasonable time, timber severed from the soil within the period specified in the contract, and that the measure of damages for failing to cut the stumps in accordance with the terms of the contract was the difference, if any, between the value of the land in the condition in which appellant left it and the condition in which it would have been if the stumps had been properly cut. Appellant relies on the case of *Indiana & Ark. Lbr. & Mfg. Co.* v. *Eldridge,* 89 Ark. 361, in support of his contention that he had a right under the contract to remove severed timber within a reasonable time after the expiration of the date mentioned in the contract. His contention is that the word "remove" meant severance from the soil, and that the time restriction in the contract was only to that extent, and that it did not prevent him from removing the logs within a reasonable time. In the case referred to there was a written contract or deed of conveyance, as in the present case, granting the timber to the purchaser, and there was also a clause which gave a specific period of time within which to "cut and remove" the timber. We decided that the proper interpretation of the contract was to construe the words "cut and remove" together and as meaning a severance from the soil, and we stated the rule of law applicable to the sort of contract, as follows: "But we think that the weight of authority and the best considered cases which are strictly in point harmonize with the

view that all timber cut down and severed from the soil by the grantee before the date specified in the contract of sale becomes his personal property, which he may remove in a reasonable time after said date, unless by the express terms of the contract a contrary intention is manifest.''

Now, the language in the contract under consideration in the present case is slightly different from that used in the contract dealt with in the other case, in that the word "cut" is omitted and the language of the contract is that the time mentioned is given "to remove" said timber. There is no reason to construe the word "remove" as relating to the cutting or the severance of the timber from the soil. The plain signification of the word is to take away or to transfer from one place to another, that is, to change the location of the timber from the particular land to some other place. The use of the words "to remove," therefore constitutes, within the rule laid down in the case cited above, an express contract that the right of the purchaser to take away the property is limited to the time specified. The consideration of other language of the contract strengthens this view, for the next sentence provides that the cutting should commence on a certain part of the land, and that appellant should remove all of the timber "clean as they go." This is the construction placed on the contract by the trial court, and the issue was submitted to the jury under this rule to determine the value of the timber wrongfully removed by appellant after the expiration of the contract.

On the other branch of the case we are of the opinion that the trial court was correct in holding that the measure of damages for the breach of the contract was the necessary expense of having the stumps cut so as to conform to the specifications of the contract. It was a part of the contractual obligations of appellant to cut the stumps down to a certain height from the ground, and it was appellee's right to have the contract performed in the specified manner or to recover as his damages the additional cost of completing the performance so as to con-

form to contract. *Inland Construction Co.* v. *Rector,* 133 Ark. 277. It does not answer appellee's claim for damages to say that the difference in value of his land was less than the additional cost of putting it in the condition that the contract called for.

Judgment affirmed.