TALBOT-BOYD LUMBER COMPANY *v.* MULLINS.

4-7927                                     197 S. W. 2d 28

Opinion delivered November 4, 1946.

*Jack Machen,* for appellant.

*Walter L. Brown,* for appellee.

MINOR W. MILLWEE, Justice.    Appellants, Leon Talbot and W. A. Boyd, are partners doing business as Talbot-Boyd Lumber Co.   On January 7, 1941, appellees, A. R. Mullins, Frank Mullins and Edmond Mullins executed a timber deed to appellants conveying all merchantable pine timber "Eight inches diameter and up—on six inch stump" standing upon certain lands in Columbia county for a cash consideration of $3,250.   Appellants were allowed two years within which to cut and remove the timber and began cutting the timber soon after execution of the deed.

A controversy arose over the height of stumps left by an employee of appellants, it being insisted by appellees that appellants were obligated by the terms of the deed to cut all trees within 6 inches of the ground. When this employee ceased cutting upon the complaint of Frank Mullins, appellants made a contract with appellee, Edmond Mullins, who agreed to cut the timber six inches from the ground for $1.25 per thousand feet. After Edmond Mullins and his employees had cut between 90,000 and 100,000 feet of timber over a period of four weeks, they quit. Appellee Frank Mullins then began cutting and hauling the timber for appellants and removed about 100,000 feet of logs over a period of months. Appellants then sent in other cutters and further controversy arose.

On July 31, 1942, appellants filed suit in chancery court to restrain appellees from interfering with appellant in the cutting and removal of the timber. A temporary restraining order was issued on August 1, 1942. On August 8, 1942, appellees filed their answer and cross-complaint alleging that under the terms of the timber deed appellants were required to cut the timber within 6 inches of the ground, it being understood that appellees were to place the lands in cultivation by the use of tractors, and that such cultivation would be impossible with stumps over the height of 6 inches; that appellants in disregard of the provisions of the deed were leaving stumps from 18 to 36 inches high. A mandatory injunction was prayed directing appellants to cut the stumps to 6 inches, or in the alternative, that appellees have judgment for damages in the sum of $600 for failure to recut the stumps. Damages were also sought in the cross-complaint for the destruction of a pasture and the additional use of roads, which appellees alleged appellants had agreed to pay for. Appellees also sought a mandatory injunction directing appellants to restore a section of fence which they alleged appellants had destroyed in cutting and removing the timber.

Although all three appellees appear as grantors in the timber deed, and each received one-third of the pur-

chase price, it was developed in trial of the case on September 24, 1945, that Edmond Mullins was the owner of the land when the deed was executed. Trial resulted in the issuance of a mandatory injunction requiring appellants to replace the fences in the condition existing at the time the timber was cut and removed from the land. The claims of appellees for destruction of a pasture and additional use of roads were denied. Damages were awarded in favor of appellee, Edmond Mullins, in the sum of $410.70 for failure of appellants to cut the timber within 6 inches of the ground under the terms of the deed. This appeal follows.

It is the contention of appellant that the language of the timber deed, which conveys all merchantable pine timber "Eight inches diameter and up—on six inch stump," means timber eight inches in diameter and up which is to be measured at a point six inches from the ground. In other words, the term "on six inch stump" indicates the point on the tree where the minimum measurement of eight inches is to be taken, and not the place of cutting. The trial court sustained the contention of appellees that the language of the deed is unambiguous and under its terms appellants were obligated to cut all the timber at a point six inches from the ground.

According to the testimony between 300,000 and 400,000 feet of timber was cut and removed from the land leaving between 3,800 and 4,000 stumps. At least half the timber was cut by appellees, Edmond Mullins and Frank Mullins. Edmond Mullins testified that he did not cut any timber higher than 6 inches under his contract with appellants and never agreed that the timber might be cut at a higher point, although he told Talbot at the time of the contract that he did not know whether he could cut it as low as six inches. L. C. Jones testified on behalf of appellees that only 150 of the 3,800 stumps were cut within six inches of the ground and damages were awarded on the basis of this estimate. He also testified that the timber in the old field where Edmond Mullins cut averaged 80 feet per tree. Now it was clearly

established that Edmond Mullins received payment for cutting at least 90,000 feet of logs under his contract. Thus, according to the estimate of Jones, Edmond Mullins left 1,125 stumps on timber cut by his employees and 975 of these were cut at a height greater than six inches. Edmond Mullins is thus placed in the attitude of insisting upon compliance with an interpretation of the terms of the deed which he failed to adhere to under his contract with appellants.

Frank Mullins testified that he and his employees cut and removed timber after his brother gave up the contract, and that he cut all the timber higher than six inches. There was considerable testimony to the effect that appellants agreed to recut the stumps to a height of six inches and Frank Mullins assigns this as his reason for cutting an average stump. Appellants stoutly denied that they agreed to recut the stumps. If it were established that such subsequent agreement was entered into by the parties, a valid consideration for the new agreement is lacking. In this connection A. R. Mullins, father of Edmond and Frank, testified that he offered to extend the time of removal of the timber 12 months if appellants would recut the stumps, but this offer was refused.

We think a reasonable interpretation of the terms of the deed under all the facts and circumstances is that placed upon it by appellants. Appellees rely upon the case of *Harris* v. *Terhune*, 148 Ark. 445, 230 S. W. 555, where the buyer was held liable for breach of a contract to leave stumps not to exceed a stated height, and the measure of damages was found to be the reasonable cost of cutting the stumps down to the height required by the contract. The conveyance under consideration in that case contained the following provision: "And the said second parties further agree to cut the timber as close to the ground as practicable and in no case to exceed fifteen inches above the level of the ground." There was an express contract, therefore, to cut stumps not exceeding a height of fifteen inches. Such is not the case here. The deed in the case at bar conveys all pine timber eight

inches in diameter and up, and we construe the wording "on six inch stump" as indicating the point on the tree where the timber purchased was to be measured, and that it does not mean that the timber must be cut at this point. "Where reference is made to standing timber of a certain diameter or circumference 'at the stump,' this means having the dimension specified at the point where such timber is usually cut according to the custom of the vicinity." 34 Am. Jur., Logs and Timber, § 23, p. 505. In the instant case the parties simply specified the height at which the measurement must be taken without the necessity of resorting to custom for a determination thereof. Appellants did not purchase the timber on a footage basis. It was to their advantage to cut the timber as low as possible and they were wasting their own timber if they cut it too high. It was further shown that it is extremely difficult to cut large trees six inches from the ground and, unless we profess to be ignorant of matters of common observation, we must know that this is true.

Under our interpretation of the language of the deed, appellants had a right to cut the trees in the usual and customary manner. The testimony shows that this was done, and that the stumps averaged 22 inches in height. It follows that the chancellor erred in awarding appellee, Edmond Mullins, damages in the sum of $410.70 for appellants' failure to cut the trees within six inches of the ground, and to that extent the decree will be modified. As thus modified, the decree is affirmed.